UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN SHANNON,

        Plaintiff,                      Case No.
                                                  Hon.

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
RAYMOND BOOKER, KENNETH ROMANOWSKI,
WENDY LANE, KEVIN MAYFIELD, DARRYL
BROOKS, AND OTHER UNKNOWN EMPLOYEES OF
MICHIGAN DEPARTMENT OF CORRECTIONS
in their individual and official capacities,

        Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
Attorneys for Plaintiff
9750 Highland Road
White Lake, Michigan 48386
248-886-8650
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

     **NOW COMES** Plaintiff, **DARREN SHANNON**, by and through his attorney, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above named Defendants, states as follows:

1.    Plaintiff is a resident of City of Detroit, County of Wayne, State of Michigan.

2.    At all relevant times herein, Plaintiff was a prisoner housed at Mound Correctional Facility ("MCF") located in the County of Wayne, State of Michigan.

1

3. Defendant Michigan Department of Corrections ("MDOC") is a governmental subdivision organized and existing under the laws of the State of Michigan.

4. Defendant RAYMOND BOOKER is and/or was MDOC Warden of MCF, and at all relevant times herein, he was acting in his individual and official capacities, under color of law, and within the course and scope of his employment.

5. Defendant KENNETH ROMANOWSKI is and/or was MDOC Warden of MCF, and at all relevant times herein, he was acting in his individual and official capacities, under color of law, and within the course and scope of his employment.

6. Defendant WENDY LANE is and/or was the Assistant Resident Unit Supervisor of MCF, and at all relevant times herein, she was acting in her individual and official capacities, under color of law, and within the course and scope of her employment.

7. Defendant KEVIN MAYFIELD is and/or was a Resident Unit Officer of MCF, and at all relevant times herein, he was acting in his individual and official capacities, under color of law, and within the course and scope of his employment.

8. Defendant DARRYL BROOKS is and/or was a Resident Unit Officer of MCF, and at all relevant times herein, he was acting in his individual and official capacities, under color of law, and within the course and scope of his employment.

9. All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

10. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

11. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Eighth and Fourteenth Amendments of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also brings claims under state law.

12. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

13. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

14. On February 8, 2007, Plaintiff was incarcerated within the Michigan Department of Corrections at MCF and housed in housing unit 200 and was scheduled to be released from MCF on February 13, 2007.

15. During his stay at MCF, Plaintiff was in the Michigan Prisoner Re-Entry Initiative ("MPRI") which is a low level security program that transitions prisoners from prison life to the community.

16. Upon information and belief, it is a policy of Defendant MDOC that all prisoners are to be secured in their cells during a formal prisoner count.

17. While a formal prisoner count was being conducted on February 8, 2007, Defendant MAYFIELD ordered Plaintiff, who was secured in his cell, to Defendant LANE'S office.

18. Plaintiff complied with the order and went to Defendant LANE's office even though it was during formal prisoner count.

3

19. When Plaintiff arrived at Defendant LANE's office, she had paperwork for him to complete regarding the MPRI program.

20. While Plaintiff was speaking with Defendant LANE, prisoner Carlos Lott ("Lott") entered the room where he demanded to speak to Defendant LANE immediately.

21. There was no reason for Lott to be out of his cell and in Defendant Lane's office because it was during formal prisoner count.

22. Lott left Defendant LANE's office and then re-entered in which a heated argument erupted between Lott and Defendant LANE while Plaintiff was present.

23. During such argument, Plaintiff requested to Defendant LANE that she dismiss him from her office and allow him to return to his cell.

24. Defendant LANE denied Plaintiff's request and demanded that he sit down and wait until she was finished arguing with Lott.

25. Lott then turned to Plaintiff and shouted "what do you have to do with this" in which Plaintiff did not reply but requested again to Defendant LANE that he be dismissed to this cell because he feared for his safety.

26. Defendant LANE again denied Plaintiff's request and ordered him to remain seated in her office.

27. At such time, Lott screamed at Plaintiff "you are not going anywhere" and left the office.

28. While Plaintiff was seated, Lott returned to Defendant LANE's office and immediately jumped on Plaintiff and began to stab him continuously with an eight inch shank.

4

29. Plaintiff instantly jumped up and Lott pushed him to the floor and began to stab him causing Plaintiff to scream for help.

30. Upon information and belief, Defendant BROOKS and/or another unknown officer were supposed to be outside Defendant LANE's office and could have prevented Lott from stabbing Plaintiff.

31. After stabbing Plaintiff six (6) times, Lott left the office.

32. Plaintiff was then transported to Detroit Receiving Hospital for medical treatment of his injuries.

33. Plaintiff remained at Detroit Receiving Hospital over night, whereupon he was returned to MCF and placed into solitary confinement for no reason whatsoever.

34. Plaintiff was forced to stay in solitary confinement for four (4) days.

35. Plaintiff was subsequently released from MCF on parole on February 13, 2007.

## COUNT I
## 42 U.S.C. § 1983
## EIGHTH AMENDMENT
## CRUEL AND UNUSUAL PUNISHMENT

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.

38. The Eighth Amendment imposes the following duties on Defendants:

    a. to provide humane conditions of confinement;

    b. to take reasonable measures to guarantee inmates' safety; and

    c. to protect inmates from harm.

39. Defendants displayed a conscious disregard of the dangers that were apparent to Plaintiff and displayed a deliberate indifference to Plaintiff's safety and health when they knowingly and deliberately exposed him to a dangerous prisoner.

40. Defendants' actions in denying Plaintiff those rights is a violation of his rights as set forth and enforced by 42 U.S.C. §1983 and the constitutional rights afford to him by the Eighth Amendment of the United States Constitution.

41. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed civil rights.

42. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

43. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT II
### 42 U.S.C. § 1983
### 14TH AMENDMENT DUE PROCESS

44. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

6

45. Plaintiff has a right to be free from inmate violence and such right is secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

46. Notwithstanding the liberty interest at issue, Defendants made a conscious decision to expose Plaintiff to a known and substantial risk of severe injury by ordering that Plaintiff remain outside his cell and in the close proximity of a known dangerous prisoner.

47. The affirmative action of ordering Plaintiff to remain in a known dangerous environment is conscious shocking as it was intended to directly cause harm to Plaintiff.

48. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed civil rights.

49. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

50. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## CONSTITUTIONAL VIOLATIONS OF
## MICHIGAN DEPARTMENT OF CORRECTIONS

51. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

52. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed civil rights.

53. Acting intentionally, recklessly and/or with deliberate indifference, Defendant Michigan Department of Corrections practiced and/or permitted customs and/or policies which resulted in the violations of Plaintiff's constitutional rights complained of herein.

54. These customs, policies, and/or practices included, but were not limited to the following:

   a. Failure to supervise its corrections officers to insure that they are acting in the best interest of those in its custody so at to prevent unnecessary injuries as a result of improper attention;

   b. Failure to train its corrections officers in the proper policies and procedures for formal prisoner counts;

   c. Failure to supervise, review, and/or discipline its corrections officers whom it knew or should have known were acting contrary to policies and procedures involving safeguarding the health, safety, and well-being of citizens in custody.

55. Defendants' actions in denying Plaintiff those rights is a violation of Plaintiff's rights as set forth and enforced by 42 U.S.C. § 1983 and the constitutional rights afforded to Plaintiff by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

56. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

57. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT IV
## GROSS NEGLIGENCE

58. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed civil rights.

60. The individually-named Defendants had a duty to perform their employment activities so as not to endanger or cause harm to individuals.

61. Nevertheless, in performing their duties, the individually-named Defendants breached this duty by acting indifferently or by acting in a grossly negligent manner without regard to Plaintiff's welfare.

62. The individual Defendants either knew or should have known that breach of these duties would cause harm to Plaintiff.

63. Defendants' indifferent/grossly negligent acts and/or omissions caused Plaintiff to suffer damages.

64. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff suffered severe emotional distress and the damages described herein.

65. As a direct and proximate result of Defendants' actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

66. Defendants' actions were so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**BY:s/Christopher J. Trainor**
CHRISTOPHER TRAINOR (P42449)
Attorneys for Plaintiff
9750 Highland Road
Dated: February 3, 2009   White Lake, MI 48386
CJT/ajd                   (248) 886-8650
                          Robin.woodhull@cjtrainor.com

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN SHANNON,

    Plaintiff,                                                   Case No.
                                                                 Hon.

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
RAYMOND BOOKER, KENNETH ROMANOWSKI,
WENDY LANE, KEVIN MAYFIELD, DARRYL BROOKS,
AND OTHER UNKNOWN EMPLOYEES OF
MICHIGAN DEPARTMENT OF CORRECTIONS
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
Attorneys for Plaintiff
9750 Highland Road
White Lake, Michigan 48386
248-886-8650
_____/

## DEMAND FOR JURY TRIAL

      **NOW COMES** Plaintiff, **DARREN SHANNON**, by and through his attorney, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-entitled cause.

                                                 Respectfully submitted,
                                                 CHRISTOPHER TRAINOR & ASSOCIATES

                                                 **BY:s/Christopher J. Trainor**
                                               CHRISTOPHER TRAINOR (P42449)
                                               Attorneys for Plaintiff
                                               9750 Highland Road
Dated:  February 3, 2009      White Lake, MI 48386
CJT/ajd                              (248) 886-8650
                                               Robin.woodhull@cjtrainor.com

1